UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AARON J. KRAWCZYK,

                                Plaintiff,

v.                                                Civil Action No. _____

CAVALRY PORTFOLIO SERVICES, LLC.,

                                Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Aaron J. Krawczyk is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Cavalry Portfolio Services, LLC., (hereinafter "Cavalry") is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to GMAC for an automobile loan for the purchase of a Chevrolet Cobalt. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That the Chevrolet Cobalt was subsequently repossessed, and sold at auction, with a deficiency thereafter owed by Plaintiff (the "subject debt").

12. That Defendant thereafter came into possession of the subject debt and thereafter began collection efforts.

13. That in or about January, 2010, Defendant called Plaintiff's mother, Lisa Krawczyk, and left a message. In the subject message Defendant states they are calling for Plaintiff and that he owes a debt. Defendant goes on to state the dollar amount of the subject debt requests that Plaintiff call him back.

14. That in or about January 2010, Defendant continued to call Plaintiff's mother. Plaintiff's mother spoke with Defendant on numerous occasions and explained that her son did not live there and gave Defendant Plaintiff's cellular telephone number. Plaintiff's mother did not request that Defendant call back. Despite Plaintiff's mother giving Defendant Plaintiff's number and not requesting additional contacts, Defendant has continued to call Plaintiff's mother on average twice a week.

15. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

16. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 15 above.

17. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(2) by calling Plaintiff's mother and stating the Plaintiff owes a debt.

B. Defendant violated 15 U.S.C. §1692b(3) by continuously contacting Plaintiff's mother after they were given Plaintiff's proper location information and despite Plaintiff's mother not requesting Defendant contact her more than once.

18. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 11, 2010

/s/ Kimberly T. Irving_____
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         kirving@kennethhiller.com

3